*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-148

JANUARY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Windsor Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Kyle Doyle | } | DOCKET NO. 577-5-13 Wrcr |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Defendant appeals an order of the superior court, criminal division, finding that he violated a condition of probation prohibiting him from contacting the person whom he was convicted of assaulting. We affirm.

In April 2013, defendant pled guilty to two counts of assaulting the complainant in this case. At the same time, he pled guilty to charges of unlawful mischief for breaking the complainant's telephone, violating his conditions of release by contacting the complainant, threatening a witness, and giving false information to a police officer. He received a sentence of two-to-five years, all suspended except one year. In October 2013, defendant was convicted of violating an abuse prevention order by sending the complainant letters from jail, including a letter in which he indicated he knew that the complainant was working at J.C. Penney's, the store where the incident in question took place. He was sentenced to two-to-twelve months, all suspended, consecutive to his earlier sentence. On February 10, 2014, defendant was found in violation of his probation for threatening a correctional officer. His probation was continued, and he was released into the community. On February 17, 2014, the complainant informed defendant's probation officer that defendant had made contact with her at her place of work. The probation officer filed a probation violation complaint based on that incident. Following a hearing, the superior court found that defendant had violated a probation condition that prohibited him from contacting the complainant, and imposed the underlying sentence.

At the probation-violation hearing, the complainant testified that on February 17 while she was working at a register at J.C. Penney's, she looked up to see defendant staring and smiling at her from approximately twenty to thirty feet away. He continued to stare and smile at her for approximately five or six minutes before waving toward her and leaving without making a purchase. A video surveillance camera confirmed that defendant was in the store for approximately six minutes, and that he looked for a few seconds toward the register where the complainant was working as he entered the store. At the conclusion of the testimony, the court found the complainant to be very credible. Noting the context of defendant's actions—his previous convictions for assaulting the complainant and his previous violations of conditions and orders prohibiting him from contacting her—and the fact that defendant knew where the

complainant worked, the court determined that defendant intentionally made contact with the complainant by going to her place of work, staring at her, and making gestures toward her. Accordingly, the court found by a preponderance of the evidence that defendant had violated the no-contact probation condition and imposed the underlying sentence.

On appeal, defendant argues that the evidence was insufficient for the superior court to conclude that his contact with the complainant was intentional. According to defendant, the contact was unintentional, short-lived, and inadvertent. We conclude that the evidence supports the superior court's determination that defendant intentionally contacted the complainant, in violation of his probation conditions.

"In a probation revocation hearing, the State bears the burden of proving the probation violation by a preponderance of the evidence." State v. Austin, 165 Vt. 389, 398 (1996). Once the State demonstrates, as it indisputably did here, that the defendant failed to comply with an express or clearly implied condition of probation, the burden of persuasion shifts to the defendant to prove that his failure to do so was not willful but rather the result of factors beyond his control. Id. The trial court's findings of fact will stand if they are fairly and reasonably supported by any credible evidence. Id. Because the trial court is in a unique position to assess credibility, our role is not to second-guess the trial court as to whom to believe. State v. Woolbert, 2007 VT 26, ¶ 9, 181 Vt. 619 (mem.). Moreover, the trial court "may properly make circumstantial inferences regarding whether contact was accidental." State v. Danaher, 174 Vt. 591, 592 (2002) (mem.).

Here, the State presented evidence that defendant came to the complainant's place of work knowing that she worked there, looked toward the register where she was working as he entered, and then placed himself within twenty to thirty feet of her, staring and smiling at her for a period of five or six minutes before making a waving hand gesture towards her and leaving. This evidence supported the superior court's determination that the contact in question was intentional rather than inadvertent and was a serious violation of probation in the context of this case.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2